UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TUAN ANH PHAM,<br><br>         Plaintiff,<br> v.<br>LAS VEGAS SUPERSTORE, INC.,<br><br>         Defendant. | Case No. 2:14-cv-02085-GMN-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

   Plaintiff Tuan Anh Pham is proceeding in this action pro se. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I. In Forma Pauperis Application (Dkt. #1).**

   Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II. Screening the Complaint**

   Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

**I.     Factual Allegations.**

Plaintiff's complaint alleges that on April 4, 2012, she had a workplace accident with seven other employees also employed by her former employer, Defendant Las Vegas Superstore, Inc. She requested Defendant pay her a month of lost wages, but Defendant only paid one employee, the meat department supervisor. Plaintiff complained, but Defendant did not pay her. On May 28, 2013, she suffered another workplace accident, and she injured her neck and back. After the second accident, her supervisor and the manager assigned her to light duty cleaning only the seafood department. Plaintiff filed a worker's compensation claim with the Labor Commission and an EEOC claim for disability discrimination. Plaintiff alleges that after she filed these claims, and beginning around September 2, 2013, her manager and supervisor began harassing her, required her to clean up the whole store, and asked her to lift more than twenty

2

pounds, and she refused due to her injuries. Plaintiff alleges she can no longer work as a result of her injuries, and she is awaiting neck surgery.

**II.     Plaintiff's Claims.**

    **A.     Disability Discrimination.**

Plaintiff alleges a claim of discrimination on the basis of disability under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 et seq. Title I of the ADA prohibits public and private employers from discriminating against qualified individuals with disabilities in employment practices. *See Bass v. County of Butte,* 458 F.3d 978, 980 (9th Cir. 2006). The ADA does not authorize individual liability for supervisors or workers. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). With respect to employers, the ADA contemplates two types of discrimination: disparate treatment and failure to accommodate. *See McGary v. City of Portland,* 386 F.3d 1259, 1265-66 (9th Cir. 2004).

        **1.     Disparate Treatment Claim.**

In order state a disparate treatment discrimination claim under the ADA, a plaintiff must allege that (a) she is disabled within the meaning of the ADA; (b) she is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) she suffered an adverse employment action because of her disability. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1087 (9th Cir. 2001). For purposes of a disparate treatment claim, an adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *See Davis v. Team Elec. Co.,* 520 F.3d 1080, 1089 (9th Cir. 2008). "Hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits" are adverse employment actions. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998). Here, Plaintiff has alleged she is disabled, but she has not alleged that she was qualified to perform the essential functions of her former job or that she suffered an adverse employment action because of her disability. She has not stated a disparate treatment claim upon which relief can be granted, and this claim will be dismissed with leave to amend.

### 2. Failure to Accommodate Claim.

A discrimination claim under the ADA can also arise where an employer fails to reasonably accommodate an employee's disability. *See McGary v. City of Portland,* 386 F.3d at 1265-66 (9th Cir. 2004) (citations omitted). In order to state such a claim, a plaintiff must allege (a) she is disabled; (b) she is qualified; (c) she requested accommodation; (d) the employer knew of the requested accommodation; and (e) the employer failed to reasonably accommodate plaintiff's disability. *See Sanders v. Arneson,* 91 F.3d 1351, 1353 (9th Cir. 1996). Generally, an employee must initially request the accommodation, but if the employer knows the employee is disabled and having workplace problems as a result, it may not be required the employee make the initial request. *See Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1188 (9th Cir. 2001). Here, Plaintiff alleges that she was injured at work, and that her employer put her on light duty after her accident. Thus, Plaintiff alleges Defendant knew Plaintiff needed an accommodation and initially provided one. However, after Plaintiff filed a claim for worker's compensation and an EEOC complaint, Defendant stopped accommodating Plaintiff's disability by increasing her workload and asking her to complete tasks incompatible with her neck and back injuries. Accepting these allegations as true as the court must, Plaintiff has stated a failure to accommodate claim under the ADA for screening purposes.

### B. Retaliation Claim.

Plaintiff also attempts to state an ADA retaliation claim based upon Defendant's failure to continue accommodating her disability after she filed her worker's compensation and EEOC claims. In order to state an ADA retaliation claim, a plaintiff must allege that (a) she engaged in a protected activity; (b) she suffered a materially adverse employment action; and (c) there exists a causal connection between the protected activity and the adverse employment action. 42 U.S.C. § 12132; *see also Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir. 2003). Employers may not retaliate against an employee because she has "opposed any act or practice" made unlawful by the ADA. *See* 42 U.S.C. § 12203(a); *see also Pardi v. Kaiser Permanente Hosp., Inc.,* 389 F.3d 840, 849 (9th Cir. 2004) (stating "[p]ursuing one's rights under the ADA constitutes a protected activity"). Thus, filing a disability discrimination claim with the EEOC is

4

a protected activity. The Ninth Circuit has adopted the EEOC's broad definition of adverse employment action, finding it constitutes "any action reasonably likely to deter employees from engaging in protected activity." *Id.* at 850; *see also Burlington Northern and Santa Fe Ry. v. White,* 548 U.S. 53, 57, 70-71 (2006) (citing 2 EEOC 1991 Manual § 614.7, pp. 614-31) (other internal citations omitted) ("retaliatory work assignments" are a classic and "widely recognized" example of "forbidden retaliation"). When adverse employment actions closely follow complaints of discrimination, retaliatory intent—i.e., a causal connection—may be inferred. *Id.* (citing *Bell v. Clackamas Cty.,* 341 F.3d 858, 865-66 (9th Cir. 2003) (proximity in time by itself may constitute circumstantial evidence of retaliation)).

Here, Plaintiff alleges Defendant retaliated against her for filing a discrimination charge with the EEOC by failing to accommodate Plaintiff's disability as it did before she filed the EEOC charge. The Ninth Circuit has not decided whether a failure to accommodate can constitute an adverse employment action in a retaliation case, and district courts in this circuit are split. *Compare Velente-Hook v. Eastern Plumas Health Care,* 368 F. Supp. 2d 1084, 1101 (E.D. Cal. 2005) (genuine issue of fact whether employee suffered adverse employment action when employer denied her FMLA leave or other effective accommodation after surgery for breast cancer) *with Aki v. Univ. of Cal. Lawrence Berkely Nat'l Lab.,* -- F. Supp. 3d --, 13-cv-04027-JSC, 2014 WL 6680856 (N.D. Cal. Nov. 25, 2014) (stating the plaintiff "could not use the mere failure to accommodate as an act or omission supporting a retaliation claim, otherwise ever alleged failure to accommodate would be deemed a retaliatory act") (internal citation and marks omitted). In light of the Supreme Court's opinion in *White*, and the Ninth Circuit's "expansive" definition of adverse employment action, the court finds that Defendant's failure to accommodate Plaintiff's disability after she filed a discrimination charge with the EEOC is sufficient to state a claim for screening purposes.

The court will grant Plaintiff leave to amend her disparate treatment claim. If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised she should set forth her claims in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. In addition, the court cannot refer to a

prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. In other words, if Plaintiff chooses to amend her disparate treatment claim, she must re-plead her failure to accommodate and retaliation claims as well.

Likewise, all of Plaintiff's claims must be contained in a single pleading. The court cannot consider additional allegations contained in documents like the Supplements (Dkt. ##4, 5) Plaintiff filed.[1] If Plaintiff chooses to file an amended complaint, she should consolidate all of her allegations against Defendant into one single pleading.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. Plaintiff shall have until **April 10, 2015**, to file her amended complaint, if she believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that

---

[1] The court can, in its discretion, consider supplemental pleadings filed with leave of court pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, where the supplement contains allegations of fact that occurred after the original complaint was filed. Here, Plaintiff's Supplements contain only allegations that should have been contained in the original complaint, and this Rule does not apply.

are not carried forward in the amended complaint will no longer be before the court.

4. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, immediately below the case number, 02:14-cv-02085-GMN-PAL.

5. If Plaintiff chooses not to file an amended complaint, the court will recommend dismissal of Plaintiff's disparate treatment claim and direct service of the failure to accommodate and retaliation claims as alleged in the original complaint.

Dated this 10th day of March, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE